# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com



SO ORDERED:

*George B. Daniels*

George B. Daniels, U.S.D.J.

Dated: **SEP 0 7 2021**

September 1, 2021

*By Electronic Filing*

Honorable George B. Daniels
United States District Judge for the
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re:   Federal Insurance Company v. PixarBio, et. al, No. 1:20-cv-04659 (GBD)

Dear Judge Daniels:

I submit this letter motion on behalf of Ballard Spahr LLP ("Ballard") to request leave to file unredacted copies of: (1) Ballard's Response in Opposition to the Mintz Fraade Firm P.C.'s (the "Fraade Firm") Motion for Summary Judgment, and (2) Ballard's Response in Opposition to the Fraade Firm's Statement of Undisputed Material Facts (collectively "Ballard's Unredacted Filing"), under seal pursuant to Rule I.D.ii. of Your Honor's Individual Rules and Practices. In conjunction with this letter motion, Ballard is filing on the public docket redacted versions of its Response in Opposition to the Fraade Firm's Motion for Summary Judgment, and Response in Opposition to the Fraade Firm's Statement of Undisputed Material Facts.

Ballard is requesting leave to file its unredacted briefing and response under seal as portions of these documents reference the contents of certain exhibits to the Affidavit of David L. Axelrod, dated August 2, 2021 (ECF No. 75), that have been previously filed under seal in this action. *See* ECF No. 89. As set forth in Ballard's August 2, 2021 letter motion requesting leave to file under seal, *see* ECF No. 71, these sealed exhibits disclose sensitive information relating to Ballard's representation of Frank Reynolds ("Reynolds"), sensitive information regarding internal communications of its client and other parties in this action, as well as sensitive information regarding testimony from a SEC investigation. The interest in maintaining the confidentially of this material is shared among the parties to this case and, pursuant to Rule I.D.ii.1. of this Court's Individual Rules and Practices, the parties in this case met and conferred via email on July 25-26, 2021 and jointly filed the Stipulated Protective Order which the Court granted. ECF No. 63.

Honorable George B. Daniels
September 1, 2021
Page 2

I.     Standard for Filing Under Seal

Ballard acknowledges that it is generally presumed that the public has a right to access judicial documents. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). However, this presumption is not absolute, and can be overcome. Federal courts have broad discretion to maintain documents under seal for good cause. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). *Lugosch v. Pyramid Co.* sets forth considerations the Court must weigh when determining whether records or testimony should protected from public disclosure. 435 F.3d 110, 119 (2d Cir. 2006). The presumption of public access may be overcome "to preserve higher values," provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

The three-part analysis used to determine whether the presumption of access may be overcome examines:

(1) Whether the documents at issue are judicial documents;

(2) The weight to assign to the presumption of access for the documents at issue; and

(3) Whether the party seeking leave to file under seal has demonstrated "countervailing factors," "competing considerations," or "higher values," sufficient to overcome the presumption of access.

*Lugosch*, 435 F.3d at 120, 124; *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 U.S. Dist. LEXIS 127578 *4-6 (S.D.N.Y. 2021).

Regarding part one of the analysis, the presumption of public access applies to "judicial documents." *Amodeo*, 44 F.3d at 145. "Judicial documents" are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* Regarding part two of the analysis, "generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters which come within a court's purview solely to ensure their irrelevance" *Lugosch*, 435 F.3d at 119. There is a weak presumption of access attaching to irrelevant documents, and a stronger presumption attaching to those documents that directly affect a Court's decision. *Id.* Finally, in considering part three of the test, a Court must "balance competing considerations against" the presumption of access to documents. *Lugosch*, 435 F.3d at 119-20. These competing considerations include "the privacy interests of those resisting disclosure." *Id.* In determining the weight accorded to privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered

Honorable George B. Daniels
September 1, 2021
Page 3

private rather than public." *Amodeo*, 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.*

II.     Ballard's Confidential Documents Should Be Sealed

Ballard's Unredacted Filing should be filed under seal for the same reasons set out in Ballard's August 2, 2021 letter motion. *See* ECF No. 71; *see also* ECF No. 89 (Court granting Ballard's letter motion). Pursuant to the Court's August 3, 2021 Order, the following exhibits to the Declaration of David L. Axelrod have been marked as confidential in discovery to protect their sensitive nature:

- A – Sworn Testimony of Alan P. Fraade before the SEC, July 13, 2017.

- M – Email from Federal to Ballard re: payment MF BALLARD000383–85.

- N – Mintz Fraade PixarBio Stock Warrant Agreement.

- P – PixarBio Board of Directors Consent.

- Q – PixarBio Board of Directors Minutes.

(collectively the "Confidential Exhibits")[1]. The portions of Ballard's Unredacted Filing, which Ballard requests be filed under seal, correspond to descriptions of the contents of these Confidential Exhibits.

For the same reasons set out in Ballard's August 2, 2021 letter brief, the factors in *Lugosch* weigh in favor of permitting filing under seal. *See* ECF No. 71. Specifically, despite these being admittedly judicial documents, which Ballard is relying upon in opposition to the Fraade Firm's Summary Judgment Motion, the countervailing privacy interest of both Ballard and other parties to this litigation outweigh any minimal interest the public may have in this material. Ballard's interest in maintaining the confidentiality of these documents is high because they involve subject matter traditionally considered private.

First, with regards to Exhibit A, this document consists of a transcript of testimony of Alan Fraade, before the Securities and Exchange Commission, which had been initially sealed by the District of Massachusetts in in *U.S. v. Reynolds, et al.*, Case No. 1:18-cr-10154 (D.

---

[1] In addition to these exhibits, the Court also ordered that Exhibits E, F, G, K, L, O and Q be filed under seal. *See* ECF No. 89. These additional sealed exhibits are not referenced in Ballard's filing in opposition to the Fraade Firm's motion for summary judgment.

Honorable George B. Daniels
September 1, 2021
Page 4

Mass.).  Ballard obtained court approval to use this transcript in the instant interpleader action. Nevertheless, the sensitive nature of the document has previously been recognized by the District of Massachusetts.

With regards to Exhibits M, N, P, and Q, these documents were obtained during Ballard's representation of Reynolds in the underlying criminal action and relate to the internal business administration of PixarBio and the SEC investigation and actions against it. PixarBio and others have an interest in maintaining the confidentiality of these documents and revealing these documents would upset traditional notions of privacy. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *16 (S.D.N.Y. Mar. 31, 2021) (citing *CSL Silicones, Inc. v. Midsun Group, Inc.*, No. 3:14-CV-1897 (CSH), 2017 U.S. Dist. LEXIS 189918, 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business – including  . . .  internal business documents and information about a business's operations – has been recognized repeatedly as a proper subject for sealing.")

Conversely, there is limited public interest in disclosure of these specific documents. The matter at issue here relates to certain private entities' entitlement to funds from an insurance policy.  The only parties with any interest in the outcome of this matter, therefore, are the parties to the litigation hereto.  There are no substantive issues of public policy or public interests implicated by this action, which would weigh in favor of disclosure.

Further, Ballard has attempted to limit the scope of its request to seal, by seeking to redact only any specific discussion of these exhibits in Ballard's Unredacted Filing.  The public filing of a redacted version of these documents should address any negligible interest the public may have in this dispute.

Honorable George B. Daniels
September 1, 2021
Page 5

III.     Conclusion

For the foregoing reasons, Ballard respectfully requests that the Court grant Ballard's motion for leave to file Ballard's Unredacted Filing under seal, in accordance with the Court's Protective Order and the Court's prior order granting Ballard's motion to seal.

Respectfully Submitted,

*s/ John W. Scott*
David L. Axelrod
John W. Scott
BALLARD SPAHR, LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
215-864-8639
215-864-8635
axelrodd@ballardspahr.com
scottj@ballardspahr.com

*Attorneys for Interpleader*
*Defendant Ballard Spahr, LLP*

cc. all counsel of record by filing on public docket