UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

FEDERAL INSURANCE COMPANY,

            *Interpleader Plaintiff*,

         v.

PIXARBIO CORPORATION, FRANCIS
REYNOLDS, KENNETH STROMSLAND, THE
MINTZ FRAADE LAW FIRM P.C., BALLARD
SPAHR, LLP, CARTER, LEDYARD &
MILBURN LLP, CONRAD O'BRIEN P.C.,
OBERMAYER, REBMANN, MAXWELL &
HIPPEL, LLP, and EVIDOX, LLC

            *Interpleader Defendants.*

------------------------------------X

MEMORANDUM DECISION AND
ORDER

20 Civ. 4659 (GBD)

GEORGE B. DANIELS, District Judge:

Before this Court is Defendant Mintz Fraade Law Firm P.C.'s ("Mintz's") motion for reconsideration of this Court's March 3, 2022 decision, ((the "Decision"), ECF No. 141), granting Defendant Ballard Spahr LLP's ("Ballard's") summary judgment motion barring Mintz from any entitlement to the interpleaded funds. (Mot. for Reconsideration, ECF No. 152.) Mintz's motion for reconsideration seeks denial of Ballard's previous summary judgment motion on the grounds that the Court overlooked the law and relied upon mistaken contentions of fact. (*See* Mem of Law in Supp. of Mot. for Reconsideration, ECF No. 153.) The factual and procedural background of this case have been discussed at length in the Decision. Except for the minor factual distinctions made on this motion, such background is appropriately relied upon by this Court.

## II. LEGAL STANDARD

Reconsideration is not favored and is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y.2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## III. MINTZ'S MOTION FOR RECONSIDERATION IS DENIED

To be clear, the Decision barred Mintz from any entitlement to the funds because "there was a clear conflict" that was unwaivable due to Mintz's "substantial stake in the outcome of the [SEC] investigation." (Decision at 15-16.) Mintz alleges that this ruling was erroneous, because "the Court overlooked controlling decisions regarding the waivability of potential versus actual conflicts of interest" and "relied upon mistaken contentions of fact related to Mintz Fraade's purported 'involvement' in the underlying matters of the SEC investigation." (ECF No. 153 at 2.)

2

Mintz overlooks the fact that it was barred from interpleaded funds because of an actual conflict that was not materially related to any alleged factual inaccuracies Mintz tries to highlight here.

Mintz argues that the Court erred because there was only a potential conflict and controlling law requires that an actual conflict of interest exist for there to be an unwaivable conflict. (*See* ECF No. 153 at 4.) Mintz primarily relies on *U.S. v. Perez*, 325 F.3d 115, 131 (2d Cir. 2003) and *U.S. v. Scarpaci*, 731 F. Supp. 2d 341, 344 (S.D.N.Y. 2010) to make this point. *See Perez*, 325 F.3d at 131 ("Specifically, the Court clarifies that only 'actual' conflicts are unwaivable."). This Court's Decision, however, stated in no uncertain terms that an actual conflict existed.[1] There were no overlooked controlling decisions. (Decision at 16.) Put differently, just because there is case law that the Decision did not cite, discussing the proposition that only an actual conflict is not waivable, does not create grounds for reconsideration when the Court found there to be an actual conflict. Mintz simply attempts to put this decided question back at issue by recharacterizing it as some novel argument about overlooked controlling decisions. Mintz's motion for reconsideration on grounds that there were overlooked controlling decisions is denied.

Mintz's next contention is that the Decision relied on various "manifest errors of material facts." (ECF No. 153 at 7-16.) However, Mintz is not barred from interpleaded funds because named Mintz partners resigned from the practice of law; Mintz is not barred from interpleaded funds simply because Mintz was sued by the SEC. Mintz is barred from the entitlement of funds because it had an unwaivable personal conflict of interest stemming from its "substantial stake in the outcome of SEC's *investigation*." (Decision at 16-18.)

Therefore, the only grounds for reconsideration would be whether there were some mistaken contention of fact related to Mintz's actual personal stake in the SEC Investigation. But

---

[1] The conflict was found to be analogous to the actual conflict in *Greene v. Greene* 47 N.Y.2d 447 (N.Y. 1979)

3

Mintz does not posit one materially wrong fact. Mintz contends that it did not have ample notice of the SEC's interest in its conduct nor did the SEC's interest in Mintz create a conflict. (See ECF No. 253 at 11.) However, the Record demonstrates that on February 1, 2017, the SEC informed Mintz that it was "concerned about potential conflicts of interest…in light of the fact that you and your firm appear to have advised the Clients on one or more of those transactions" at issue. (Stromsland Retainer and Waivers, ECF No.110-4, at 14.) The SEC, a government agency with the power to bring criminal and civil penalties, voluntarily notified Mintz that it believed Mintz committed wrongdoing along with its client. Mintz was on notice, "which invariably changed Mintz's position and required it to vindicate itself. This reasonably put Mintz at odds with its clients and raised questions regarding its fealty." (Decision at 16.)

The other facts clearly on the record lend support for finding that Mintz had a stake in the outcome of the *investigation* separate and apart from their client's interest. "The SEC called a named partner to testify about his knowledge of the underlying conduct, a foreseen event." (Decision at 17). The SEC's securities fraud complaint against named Mintz partners evidenced that the SEC was at least *investigating* Mintz. The SEC ultimately held Mintz liable for fraud unrelated to the immediate investigation. (See Decision at 17; ECF No. 153 at 12.) In fact, the ultimate liability Mintz relies on again goes to show that Mintz needed "to absolve itself and prioritize its own interests." (Decision at 17.) The Court relied on undisputed factual findings. Mintz is barred from any entitlement to the funds.[2]

---

[2] These findings also preclude Mintz's new arguments that (1) the earliest an unwaivable or actual conflict could have occurred is February 15, 2018; and (2) that its representation of PixarBio in the class action and derivative actions ("the Civil Actions") are separate from, and unrelated to the SEC investigation. (See ECF No 153 at 19.) As for (1), the conflict arose actually a year earlier and only a day after it entered into a retainer agreements with its Clients. As for (2), the claims in the Civil Actions relate to the very same conduct underlying the SEC Investigation. (Decision at 3 n.2.) Thus, the same conflict exists.

4

## IV. CONCLUSION

The facts and law demonstrate that equity determines Mintz should be barred from the interpleaded funds. Therefore, Mintz's motion for reconsideration is DENIED. (ECF No. 152.) The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
May 26, 2022

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge